FEB 15 2019

FILED

## IN THE FAIRFIELD COUNTY COMMON PLEAS COURT
## FAIRFIELD COUNTY, OHIO

2019 FEB 14 PM 12:31

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY 280 North High Street, Suite 1010 Columbus, Ohio 43215 | : : : : : | CASE NO.: 19CV 128 |
| Plaintiff, | : : | JUDGE: JUDGE TRIMMER |
| vs. | : : | |
| MIDEA AMERICA CORPORATION 5 Sylvan Way Suite 1 Parsippany, NJ 07054 | : : : : | |
| Defendant. | : | |

## COMPLAINT

### PARTIES & JURISDICTION

1. Plaintiff Nationwide Property & Casualty Insurance Company (hereinafter "Nationwide") is an insurance company licensed to do business and issue policies of insurance in the state of Ohio, with its principal place of business located in Columbus, Ohio.

2. At all times relevant herein, Nationwide was the insurer, assignee, and subrogee of Kevin Dodds (hereinafter "Mr. Dodds"), who was/is the owner of real and personal property located at 5040 Carroll Easter Road, in Carroll, Ohio.

3. Upon information and belief, Defendant Midea America Corporation, (hereinafter "Midea"), was/is a New Jersey corporation with a principal place of business located in Parsippany New Jersey; at all times relevant herein, this Defendant conducted business in the state of Ohio and was engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing,



EXHIBIT A

supplying, and/or selling dehumidifiers in the state of Ohio.

## COUNT I – PRODUCT LIABILITY

4. Plaintiff reiterates and realleges paragraphs one through three of this Complaint as if fully restated herein.

5. On or about July 20, 2017, and at all times relevant herein, Mr. Dodds was the owner of a Midea dehumidifier, hereinafter "dehumidifier") which was designed, manufactured, maintained, assembled, tested, inspected, marketed, labeled, packaged, distributed, supplied, and/or sold by Defendant Midea.

6. On or about July 20, 2017, the dehumidifier ignited and burned, causing damage to Mr. Dodds' real and personal property.

7. The aforementioned fire and resulting damages were the direct and proximate result of the dehumidifier being defective at the time it left the hands of Defendant Midea.

8. Defendant Midea placed the dehumidifier into the stream of commerce in a defective condition.

9. Mr. Dodds' was the ultimate end user or consumer of the dehumidifier.

10. At the time of the fire, the condition of the dehumidifier had not been materially altered or changed since it left the hands of Defendant Midea.

11. Defendant Midea was the "Manufacturer" of the dehumidifier as defined in Ohio Revised Code Section 2307.71(A)(9), which defines a Manufacturer as a "person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product."

12. Defendant Midea was the "Supplier" of the dehumidifer as defined in Ohio Revised Code Section 2307.71(A)(15), which defines a Supplier as a person that, in the course of a

business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce.

13. The dehumidifier was defective in manufacture and/or construction, as defined by Ohio Revised Code Section 2307.74 when it left Defendant Midea's control.

14. The dehumidifier was defective in design or formulation as described in Ohio Revised Code Section 2307.75, in that at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation.

15. The dehumidifier was defective due to inadequate warning or instruction as described in Ohio Revised Code Section 2307.76.

16. As a result of the above, Mr. Dodds' real and personal property were damaged in the amount of $144,735.81.

17. Pursuant to a policy of insurance, Nationwide was required to and did pay to and/or on behalf of Mr. Walls the amount of $144,735.81, subject to a deductible, and became subrogated to that amount.

## COUNT II – BREACH OF IMPLIED WARRANTIES

18. Plaintiff reiterates and realleges paragraphs one through 18 of this Complaint as if fully restated herein.

19. The dehumidifier was defective in design and manufacture in that it failed to conform to the representations and/or warranties as described in Ohio Revised Code Section 2307.77 that came with, or should have come with the dehumidifier including, but not limited to, implied warranties of merchantability and/or implied warranties of fitness for a particular purpose.

20. As a result of the above, Mr. Dodds' real and personal property were damaged in the amount of $144,735.81.

21. Pursuant to a policy of insurance, Nationwide was required to and did pay to and/or on behalf of Mr. Dodds the amount of $144,735.81, subject to a deductible, and became subrogated to that amount.

WHEREFORE, Plaintiff demands judgment against Defendant Midea America Corporation in the amount of $144,735.81, plus whatever other relief to which they may be entitled, including the costs of this action and reasonable attorney's fees.

Respectfully submitted,

_____
Drew D. Price, Esq. (#0085981)
280 North High Street, Suite 1010
Columbus, Ohio 43215
(614) 677-4243 Telephone
(877) 496-0397 Fax
Pricd3@nationwide.com
Attorney for Plaintiff